In the Matter of GREGORY CHRYSLER, Appellant, v TOWN OF NEWBURGH POLICE DEPARTMENT et al., Respondents. [785 NYS2d 746]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Newburgh Police Department dated October 7, 2002, denying the petitioner's request for certain records pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.*), the petitioner appeals from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated April 1, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The Town of Newburgh FOIL Appeals Officer and the Administrative Lieutenant of the Town of Newburgh Police

Department averred that the records sought by the petitioner either do not exist, are not presently in the possession of the police department, or constitute records compiled for law enforcement purposes which, if disclosed, would (1) interfere with an ongoing homicide investigation in which the victim's body has yet to be recovered, (2) expose confidential sources and information relating to that pending investigation, (3) reveal nonroutine criminal investigative techniques involving homicides and missing bodies, and (4) endanger the safety of a witness who testified against the petitioner at his murder trial. Thus, the Supreme Court properly denied the petition and dismissed the proceeding (*see* Public Officers Law § 87 [2] [e], [f]; *see generally Matter of Gould v New York City Police Dept.,* 89 NY2d 267, 277-278 [1996]; *Matter of Fink v Lefkowitz,* 47 NY2d 567 [1979]). Ritter, J.P., S. Miller, Goldstein and Mastro, JJ., concur.